**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | **CRIMINAL NO. 24-253** |
| BIHEIS MOORE | : | |
| a/k/a "Heis" | | |
| a/k/a "Klay" | : | |
| a/k/a "Klay_30st" | | |
| a/k/a "heis.30st" | : | |

### <u>GOVERNMENT'S CHANGE OF PLEA MEMORANDUM</u>

**I.     BACKGROUND**

Defendant Biheis Moore is charged in a Superseding Indictment 24-253 with conspiracy to participate in the affairs of a racketeering enterprise ("RICO"), in violation of 18 U.S.C. § 1962(d) (Count One), conspiracy to commit counterfeiting, in violation of 18 U.S.C. § 371 (Count Eight); and conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. § 1349 (Count Nine), arising from him conspiring to commit acts of racketeering by his participation in an enterprise called "OMERTA," a Philadelphia-based organized crime group which enriched itself in part through the use of counterfeiting and mail and wire fraud in the form of defrauding COVID-19 benefits. The defendant has notified the government through his counsel that he wishes to plead guilty to the Superseding Indictment pursuant to a written guilty plea agreement.

**II.    APPLICABLE STATUTES AND ESSENTIAL ELEMENTS OF THE OFFENSES**

**A.    Conspiracy to Participate in a Racketeering ("RICO") enterprise, in violation of 18 U.S.C. § 1962 (Count One).**

To establish a conspiracy to participate in a racketeering ("RICO") enterprise, in violation of 18 U.S.C. § 1962(d), the government must prove the following elements beyond a reasonable doubt:

(1) That two or more persons agreed to conduct or to participate, directly or indirectly, in the conduct of an enterprise's affairs through a pattern of racketeering activity;

(2) That the defendant was party to or member of that agreement; and

(3) That the defendant joined the agreement or conspiracy knowing of its objective to conduct or participate … in the conduct of an enterprise's affairs through a pattern of racketeering activity, and intending to join together with at least one other alleged conspirator to achieve that objective; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve the objective of conducting or participating in the conduct of an enterprise's affairs through a pattern of racketeering activity.

**B.      Conspiracy to Commit Counterfeiting, in violation of 18 U.S.C. § 371 (Count Eight).**

To prove a defendant guilty of conspiracy, the government must prove the following elements beyond a reasonable doubt:

(1) Two or more persons agreed to commit an offense against the United States as charged in the indictment;

(2) The defendant was a party to or a member of that agreement;

(3) The defendant joined the agreement or conspiracy knowing of its objective to commit an offense against the United States and intending to join together with at least one other alleged conspirator to achieve that objective;

(4) The defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve a common goal or objective, to commit an offense against the United States; and

(5) At some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act in order to further the objectives of the agreement.

To prove a defendant guilty of defendant guilty of counterfeiting, the government must prove the following elements beyond a reasonable doubt:

(1) That the defendant possessed [passed] [uttered] [published] [sold] [attempted to pass] [attempted to utter] [attempted to publish] [attempted to sell] counterfeit money;

(2) That the defendant knew at the time that the money was counterfeit; and

(3) That the defendant possessed [passed] [uttered] [published] [sold] [attempted to pass] [attempted to utter] [attempted to publish] [attempted to sell] the counterfeit money with intent to defraud, that is, intending to cheat someone by making that person think the money was real.

*See* Third Circuit Model Criminal Jury Instruction 6.18.371A; *see also United States v. Jenkins*,

No. CR.A. 04-506-2, 2006 WL 3254528, at *2 (E.D. Pa. Nov. 9, 2006) ("To convict for conspiracy, the government must prove beyond a reasonable doubt: (1) an agreement to commit a substantive offense; and (2) an overt act.") (internal citations omitted). See Fifth Circuit Model Criminal Charge, 18 U.S.C. § 472.

     **C.**     **Conspiracy to Commit Mail and Wire Fraud, in violation of 18 U.S.C. § 1349 (Count Nine)**

To establish the crime of conspiracy to commit mail or wire fraud, in violation of 18 U.S.C. § 1349, the government must prove the following elements:

     (1) Two or more persons agreed to commit a common and unlawful plan to commit mail or wire fraud, as charged in the indictment;

     (2) The defendant was a party to or member of the agreement; and

     (3) The defendant joined the agreement or conspiracy knowing of its objectives to commit mail or wire fraud and intending to join together with at least one other alleged conspirator to achieve those objectives; that is, the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve common goals or objectives, to commit mail and wire fraud.

*See* 3rd Cir. Model Jury Instruction 6.18.371A; 11th Cir. Pattern Jury Instruction C.1.154 (2010).

With respect to the substantive mail fraud and wire fraud statutes, 18 U.S.C. §§ 1341, 1343, the government must show that:

     (1) The defendant knowingly devised a scheme to defraud or to obtain money or property by materially false or fraudulent pretenses, representations, or promises;

     (2) The defendant acted with the intent to defraud; and

     (3) In advancing, furthering, or carrying out the scheme, the defendant communicated by interstate wire or caused the transmission of an interstate wire or in advancing, furthering, or carrying out the scheme, the defendant used the mails (or a private or commercial interstate carrier) or caused the mails (or a private or commercial interstate carrier) to be used.

*See* 3rd Cir. Model Jury Instruction 6.18.1343 and Third Cir. Model Jury Inst. 6.18.1341.

### III.    MAXIMUM PENALTIES

The maximum sentence for Count One (conspiracy to participate in a racketeering ("RICO") enterprise): up to life imprisonment, a five-year period of supervised release, a $250,000 fine, and a $100 special assessment.

The maximum sentence for Count Eight (Conspiracy to Commit Counterfeiting): 5 years' imprisonment, a three-year period of supervised release, a $250,000 fine, and a $100 special assessment.

The maximum sentence for Count Nine (Conspiracy to Commit Mail and Wire Fraud): 20 years' imprisonment, a three-year period of supervised release, a $250,000 fine, and a $100 special assessment.

Thus, the total maximum penalty is life imprisonment, a five-year period of supervised release, a $750,000 fine, and a $300 special assessment. Full restitution of as much as $34,725 also may be ordered.

### IV.    FACTUAL BASIS FOR THE PLEA

If this case were to proceed to trial, the government would prove the following facts, among others, through witness testimony and exhibits. This memorandum sets forth only the essential facts that would need to be proved to establish the elements of the offenses charged.

**Count One – Conspiracy to Participate in the Affairs of an Enterprise Through a Pattern of Racketeering Activity (RICO Conspiracy), in violation of 18 U.S.C. § 1962(d)**

From at least in or about August 2018 through in or about August 2023, defendant Biheis Moore, a/k/a "Heis," a/k/a "Klay," a/k/a "Klay_30st," a/k/a "heis.30st" conspired with others to conduct and participate, directly and indirectly, in the affairs of an enterprise known as OMERTA, through a pattern of racketeering activity consisting of acts involving counterfeiting, mail and wire fraud, robbery, firearms offenses, and other crimes of violence.

OMERTA was a violent, neighborhood-based criminal organization comprised primarily of young males operating within a small section of North and Northwest Philadelphia, specifically in the Strawberry Mansion neighborhood, as well as in other parts of Pennsylvania and neighboring states. OMERTA members and associates identified themselves with the name "OMERTA" and promoted their allegiance to the group and their neighborhood through social media postings, music, and clothing.

The purpose of the OMERTA enterprise was to enrich its members and associates through criminal activities, including counterfeiting U.S. currency, robbery, theft, drug trafficking, and fraud, and to preserve and protect the power, territory, and profits of the organization through acts of intimidation, threats, and violence. OMERTA members used firearms to protect gang territory, retaliate against rivals, and enforce discipline within the organization.

Defendant Moore was an enforcer of OMERTA. He participated in assaults with dangerous weapons, and acts of counterfeiting, mail fraud, and wire fraud. Defendant Moore passed and possessed counterfeit currency to fund OMERTA and fraudulently applied for and received Pandemic Unemployment Assistance (PUA) benefits. In addition, on June 26, 2020, defendant Moore shot and wounded S.S. in Philadelphia, Pennsylvania. Defendant Moore and another OMERTA member fled the scene of the shooting together.

Through these acts and others, the government would prove that defendant Moore knowingly joined an agreement with other OMERTA members to participate in the affairs of the enterprise through a pattern of racketeering activity, including acts of counterfeiting, violence, mail and wire fraud, firearms offenses.

**Count Eight – Conspiracy to Commit Counterfeiting, in violation of 18 U.S.C. § 371**

From in or about 2018 through in or about 2023, within the Eastern District of Pennsylvania and elsewhere, defendant Biheis Moore conspired with other OMERTA members to produce, possess, and pass counterfeit United States currency

OMERTA utilized counterfeit currency as one of its primary funding sources. Members of the organization obtained counterfeit bills through criminal contacts and sought to exchange the counterfeit money for genuine currency or goods at commercial establishments throughout Pennsylvania and other states. Over a five-year period, members of OMERTA attempted to pass, or successfully passed, counterfeit currency valued at over $1.2 million, much of it bearing identical serial numbers, indicating production in bulk by a common source. When OMERTA members attempted to use counterfeit bills and were confronted by store employees, they often resorted to threats, intimidation, or violence to complete their transactions or to rob the stores of legitimate cash. Members also used counterfeit currency to fund other criminal activities and to purchase firearms, drugs, and vehicles for use by the enterprise.

On January 4, 2020, defendant Moore and fellow OMERTA member and co-defendant Rakiem King possessed and passed counterfeit United States currency at a Giant Food Store, in Lower Southampton, Pennsylvania.

The government's evidence would include counterfeit bills seized in connection with OMERTA members, surveillance and witness testimony from stores where the counterfeit money was passed, and records from the United States Secret Service showing the counterfeit bills' serial numbers and circulation.

Through this evidence, the government would establish that defendant Moore knowingly agreed with others to engage in the passing of counterfeit currency and to use the proceeds to finance OMERTA's activities, in violation of federal law.

**Count Nine – Conspiracy to Commit Mail and Wire Fraud, in violation of 18 U.S.C. § 1349**

From in or about March 2020 through in or about September 2021, within the Eastern District of Pennsylvania and elsewhere, defendant Moore conspired with co-defendants and others to devise and execute a scheme to defraud the United States and the Commonwealth of Pennsylvania by obtaining fraudulent Pandemic Unemployment Assistance ("PUA") benefits.

The PUA program was established under the CARES Act to provide temporary financial assistance to individuals who were unemployed as a direct result of the COVID-19 pandemic. In Pennsylvania, the program was administered by the Pennsylvania Department of Labor and Industry ("PA DLI"), using funds provided by the United States Department of Labor. PUA applications were submitted and processed online, and benefits were distributed through debit cards mailed via the United States Postal Service or through electronic fund transfers.

Defendant Moore and his co-conspirators—many of them fellow OMERTA members— used social media, including Instagram group chats, to discuss filing fraudulent applications and to share instructions and personal information needed to complete the forms. Members of the conspiracy used their true names, dates of birth, and Social Security numbers but falsely claimed to have lost employment due to the COVID-19 pandemic, when in fact they were not employed and had not suffered any legitimate pandemic-related job loss.

On or about June 12, 2020, defendant Moore, under penalty of perjury, electronically submitted a first fraudulent PUA application to PA DLI falsely stating that he was unemployed due to COVID-19 and seeking employment. Based on these false representations, PA DLI approved the application and caused PUA benefits to be distributed to Moore, totaling approximately $34,725.

The conspiracy was extensive. Other OMERTA members, including Jahilil Williams Rakeim Savage, Kyair Garnett, Haneef Roberson, Rakiem King, Ward Roberts, filed similar fraudulent applications. In total, the conspiracy caused the government to disburse at least $443,700 in fraudulent benefits.

The government's evidence would include PUA application records, IP address data showing applications submitted from common locations and devices, bank and debit card records reflecting receipt and withdrawal of benefits, and social media communications discussing the filing of claims and the sharing of login credentials.

Through the foregoing acts and others, the government would prove beyond a reasonable doubt that defendant Biheis Moore knowingly and willfully joined conspiracies to: (1) participate in the affairs of the OMERTA enterprise through a pattern of racketeering activity; (2) commit offenses involving counterfeiting United States currency; and (3) commit mail and wire fraud through the submission of false PUA benefit claims. Each conspiracy was carried out within the Eastern District of Pennsylvania and elsewhere, involved multiple co-conspirators, and resulted in significant financial and societal harm.

## V.    PLEA AGREEMENT

The parties have executed a plea agreement, that will be presented to the Court during a hearing regarding entry of the guilty plea. The agreement includes a supplement to be filed under seal.

## VI.    CONCLUSION

The government requests that the Court conduct a hearing under Federal Rule of

Criminal Procedure 11 and if warranted then accept the defendant's plea of guilty.

Respectfully submitted,

DAVID METCALF
United States Attorney

*/s/ Shayna Gannone*
SHAYNA GANNONE
EVERETT WITHERELL
MEGHAN CLAIBORNE
Assistant United States Attorneys

- 9 -

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this Change of Plea Memorandum has been served by electronic mail

on:

Richard J. Fuschino, Jr. Esq.
rjf@fuschinolaw.com

*/s/ Shayna Gannone*
SHAYNA GANNONE
Assistant United States Attorney

DATED:  March 16, 2026